IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**CHAD MCCREARY**                                                                   **PLAINTIFF**

**VERSUS**                                  **CIVIL ACTION NO. 2:11cv205-KS-JMR**

**SWIFT TRANSPORTATION CO. OF ARIZONA, LLC**
**AND JOHNNIE J. MCBRIDE**                                         **DEFENDANTS**

### OPINION AND ORDER

This matter is before the Court on the Motion to Dismiss [18] of Defendant Swift Transportation Co. of Arizona, LLC ("Swift"), seeking dismissal of Plaintiff's claims against Co-Defendant Johnnie J. McBride ("McBride") under Rule 4(m) of the Federal Rules of Civil Procedure. The Court, having considered the Motion, the applicable law and the absence of any opposition to the Motion, finds that the Motion is well taken and should be granted.

### I. Procedural History

On October 13, 2011, Plaintiff Chad McCreary ("McCreary") filed this action against Swift and McBride.[1] The Complaint [1] alleges that McCreary was injured when his truck collided with a vehicle operated by McBride and owned by Swift. Also on October 13, 2011, summonses were issued for McBride and Swift. No proof of service has been filed in this action as to either Defendant. However, Swift filed its initial Answer [3] on January 9, 2012.[2] Swift has admitted vicarious liability as to McBride's

---

[1] Subject matter jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332(a).

[2] Swift also filed an Amended Answer [4] on January 9, and a Second Amended Answer [22] on July 5, 2012.

actions relating to the subject accident.  (*See* Second Amended Answer [22] at ¶ 6). McBride has not filed an answer and no entry of appearance has been filed on his behalf.

On June 18, 2012, Swift filed its Motion to Dismiss [18].  The Motion seeks dismissal of McCreary's claims against McBride under Rule 4(m) due to McCreary's failure to serve McBride with process within 120 days of the filing of the Complaint.[3] McCreary's response to the Motion was due to be filed on or before July 5, 2012 pursuant to Uniform Local Rule 7(b)(4) and Federal Rule of Civil Procedure 6.  No response to the Motion to Dismiss has been filed as of the date of this Order.

## II.  Discussion

Rule 4(m) provides in pertinent part:

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).  The Complaint was filed on October 13, 2011.  There is no indication in the docket that McBride was served with process by February 10, 2012 (120 days after the Complaint was filed), or at any other time.  Further, McCreary has failed to respond to, much less rebut, Swift's position that McBride has not been served with process.  Thus, the Court finds that McBride was not served with process within

---

[3] Although it is uncommon for one defendant to seek dismissal of a plaintiff's claims against another defendant, such a practice is not precluded by Rule 4(m).  The Rule does not state that the dismissal motion must be filed by the defendant who would be dismissed by the grant of the motion.  Furthermore, the Rule indicates that the court, on its own, may dismiss the subject claims.  Fed. R. Civ. P. 4(m).

120 days of the filing of the Complaint.  *Cf. Georgia-Pacific LLC v. Hornady Truck Line, Inc.*, 2009 WL 210703, at *2 n.1 (N.D. Miss. Jan. 28, 2009) ("Plaintiff's statement went unrebutted by defendant; accordingly, the Court accepts it as true.").  Because McCreary has made no effort to show good cause for failing to serve McBride with process, the Court is not required to extend the time for service under Rule 4(m).  Further, the Court finds that dismissal without prejudice of McCreary's claims against McBride, as opposed to an order that service be made within a specified time, is appropriate given Plaintiff's failure to show good cause or to oppose the Motion to Dismiss.  *Cf. Walker v. Foamex Corp.*, 2011 WL 3740718, at *1-2 (N.D. Miss. Aug. 23, 2011) (exercising discretion to dismiss claims without prejudice where a plaintiff did not respond to a dismissal motion or show good cause for failing to timely serve process); *Omobude v. Miss. Dep't Finance & Admin.*, 2011 WL 1532185, at *1 (S.D. Miss. Apr. 21, 2011) (same).

### III.  Conclusion

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion to Dismiss [18] is hereby granted and Plaintiff Chad McCreary's claims against Defendant Johnnie J. McBride are dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

SO ORDERED AND ADJUDGED this the 23rd day of July, 2012.

*s/ Keith Starrett*

UNITED STATES DISTRICT JUDGE